UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLINE A. JOHNSON-WILLIAMS,<br><br>                              Plaintiff,<br><br>-against-<br><br>THE PLAZA AT CLOVER LAKE – PREMIER ASSISTED LIVING; SUSAN BEY; STEVE KESSLUK; YOHANNY PORTILLO; BENJAMIN FUOCO,<br><br>                              Defendants. | 21-CV-2173 (CS)<br><br>ORDER OF SERVICE |

CATHY SEIBEL, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law, alleging that her former employer discriminated against her based on her race. By order dated March 26, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

## DISCUSSION

**A.     Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date

summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Plaza at Clover Lake – Premier Assisted Living, Susan Bey, Steve Kessluk, Yohanny Portillo, and Benjamin Fuoco through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.**     **Plaintiff's request for pro bono counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

Plaintiff has consented to receive electronic service of notices and documents in this action. (ECF 3.) The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Plaza at Clover Lake – Premier Assisted Living, Susan Bey, Steve Kessluk, Yohanny Portillo, and Benjamin Fuoco, and deliver to the U.S. Marshals Service all documents necessary to effect service on defendants.

The Court denies Plaintiff's application for the Court to request pro bono counsel (ECF 4) without prejudice to renewal at a later time.

SO ORDERED.

Dated: April 22, 2021
       White Plains, New York

_____
CATHY SEIBEL
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. The Plaza at Clover Lake – Premier Assisted Living
   838 Fair Street
   Carmel, NY 10512

2. Susan Bey
   The Plaza at Clover Lake – Premier Assisted Living
   838 Fair Street
   Carmel, NY 10512

3. Steve Kessluk
   The Plaza at Clover Lake – Premier Assisted Living
   838 Fair Street
   Carmel, NY 10512

4. Benjamin Fuoco
   The Plaza at Clover Lake – Premier Assisted Living
   838 Fair Street
   Carmel, NY 10512

5. Yohanny Portillo
   The Plaza at Clover Lake – Premier Assisted Living
   838 Fair Street
   Carmel, NY 10512